UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-24490-CIV-COOKE/GOODMAN

MARTA MANCIA,

      Plaintiff,

v.

J.V. REGRADING, LLC, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON MOTION FOR
ATTORNEY'S FEES AND COSTS**

Plaintiff Marta Mancia filed a verified motion for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) against Defendants J.V. Regrading, LLC; CAP Services Group, LLC; S&A Regrading, LLC; Juan C. Vasquez; Alfred Caporale; and Soccoro Restrepo. [ECF No. 34]. Defendants did not file a response or otherwise oppose the motion, and the time to do so has long expired. United States District Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 35]. Plaintiff requests $6,125 in attorney's fees and $700 in costs for this case, which resulted in a default final judgment. [ECF No. 33]. Plaintiff's attorney's billing statement is attached to the motion. [ECF No. 34-1].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Plaintiff's motion and award Plaintiff **$5,880** in attorney's fees ($245 less than she requests) and **$700** in taxable costs.

## I.    BACKGROUND

Plaintiff filed this action against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). [ECF No. 1]. Defendants were served, but none responded to the complaint or to the District Court's orders, so a default judgment was entered in Plaintiff's favor and against Defendants. [ECF No. 33]. The default judgment also provided that Plaintiff's counsel is entitled to recover a reasonable amount of attorney's fees and costs related to this matter. [ECF No. 33, p. 2].

## II.    REQUEST FOR ATTORNEY'S FEES

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the FLSA explicitly provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Therefore, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

2

Plaintiff is the prevailing party because the Court entered a default final judgment in her favor. [ECF No. 33]. Plaintiff now requests $6,125 in attorney's fees. [ECF No. 34, p. 1]. Plaintiff's counsel, Monica Espino, charged $350 per hour for 17.5 hours. [ECF No. 34-1].

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163–64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433–37. The applicant bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

A.      **Reasonable Hours Expended**

The Court must evaluate the reasonableness of the total hours expended by Plaintiff's counsel. In doing so, the Court should exclude compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 434).

3

Further, the Court must omit those hours that would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id.*

Plaintiff is seeking 17.5 hours for attorney Espino's work. [ECF No. 34-1]. This total amount of hours is reasonable when compared to the number of hours recovered by counsel in similar FLSA cases. *See, e.g., Echavarria v. Am. Valet Parking Mgmt.*, No. 14-CV-80770, 2015 WL 12746115, at *1 (S.D. Fla. Aug. 7, 2015) (finding counsel's expenditure of 20.2 hours on FLSA case to be reasonable).

But after reviewing counsel's billing records, there are two entries that are excessive. Specifically, the entry for .5 on January 4, 2018 for filing returns of service is an administrative task. [ECF No. 34-1, p. 3]; *see Morais v. Rhino Holdings One, Inc.*, No. 17-CV-80001, ECF No. 35, pp. 4–5 n.1 (S.D. Fla. June 2, 2017) (reducing counsel's billing for routine matters, such as motions for extension of time).

And additionally, on July 16, 2018, Judge Cooke entered an order to show cause for Plaintiff's counsel's failure to timely move for a default judgment after the clerk entered a default. [ECF No. 26]. Accordingly, because the entry of this order was due to Plaintiff's delay, it would be unfair to charge the client .2 hour for Espino's review of the order to show cause. Therefore, the Undersigned **recommends** that counsel's recovery for hours billed be reduced by .7 hour to 16.8 hours.

### B.     Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

For Espinosa's representation, Plaintiff requests $350 per hour. [ECF No. 34]. This rate is in line with rates recently approved in other FLSA cases in this district. *See, e.g., Alvarez v. Catered Fit Corp.*, No. 16-CV-62262, 2018 WL 1795358, at *1 (S.D. Fla. Mar. 12, 2018) (awarding $375 per hour); *Echavarria*, 2015 WL 12746113, at *2 (finding $375 per hour to be reasonable); *Medrano v. Mi Colombia Bakery, Inc.*, No. 11-CV-23916, 2013 WL 1748403, at *2 (S.D. Fla. Jan. 10, 2013) (same). Additionally, Espinosa is an experienced FLSA lawyer, who has been practicing law for approximately 14 years.

Therefore, after weighing all the evidence submitted and the relevant factors, including awards in similar cases, Espinosa's experience, and the skill required to

perform the work in this type of case, the Undersigned finds that the hourly rate sought is reasonable.

C.      **Attorney's Fees Total**

The Undersigned finds that Plaintiff's counsel reasonably expended 16.8 hours on this case at a reasonable rate of $350 per hour. Thus, the Undersigned **recommends** that the District Court award $5,880 in attorney's fees.

## III.   REQUEST FOR COSTS

Plaintiff seeks $700 in taxable costs, specifically: (1) $400 for filing fees and (2) $300 for process server fees. [ECF No. 34-1, p. 5].

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Nevertheless, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

### A.    Filing Fees

Plaintiff first seeks to recover the $400 filing fee paid to the Clerk of the Court. This filing fee is reimbursable as it falls within the scope of taxable costs under § 1920(1). Therefore, the Undersigned **recommends** that the $400 filing fee be awarded.

### B.    Process-Server Fees

Next, Plaintiff seeks to recover $300 for process-server fees. Section 1920(1) states that the "fees of the clerk and *marshal*" may be taxed as costs. Additionally, the Eleventh Circuit has held that private process server fees may be taxed provided that these fees do not exceed what it would cost to have a U.S. Marshal effectuate service. *W&O*, 213 F.3d at 624. The Attorney General has advised that the Marshals Service routinely collects fees of "$65 per hour for process served for each item served . . . plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

As listed on the invoice, Plaintiff seeks to collect $50 of process server fees for each of the six defendants. [ECF No. 34-1, p. 5]. The $50 fee reflects a reasonable rate

when compared to the Marshal's routinely-collected $65 fee. Thus, the Undersigned **recommends** that the District Court award $300 in process-server fees.

## IV.    CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Plaintiff's motion for attorney's fees and costs and award Plaintiff **$5,880** in attorney's fees ($245 less than she requests) and **$700** in taxable costs.

## V.    OBJECTIONS

The parties will have 7 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge.[1] Each party may file a response to the other party's objection within 7 days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.

---

[1]    The time period for objections is being shortened because this is a relatively routine motion and Defendants have failed to object or otherwise file a response to the motion.

*See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885

F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, February

15, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record